UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RYAN MASSAREK                                              CIVIL ACTION NO.

VERSUS

                                                                         21-232-BAJ-EWD

PRIME INSURANCE COMPANY,
ET AL.

**NOTICE AND ORDER**

This is a civil action involving claims for damages by Ryan Massarek ("Plaintiff") based upon the injuries he allegedly sustained on March 27, 2020 due to a motor vehicle accident that occurred in West Baton Rouge Parish, Louisiana (the "Accident").[1] Plaintiff alleges the Accident was caused when his vehicle was rear-ended by the vehicle driven by Defendant Renald Spaulding ("Spaulding"), who was allegedly in the course and scope of his employment with Defendant Spaulding Trucking, LLC ("Spaulding Trucking"), the owner of the Spaulding vehicle.[2] On March 16, 2021, Plaintiff filed his Petition for Damages ("Petition") in the Eighteenth Judicial District Court for the Parish of West Baton Rouge against Spaulding, Spaulding Trucking and Prime Insurance Company ("Prime"), Spaulding Trucking's alleged liability insurance carrier.[3] On April 22, 2021, the matter was removed by Prime[4] to this Court, on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.[5] However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination

---

[1] R. Doc. 1-2, ¶¶ 2-8.
[2] R. Doc. 1-2, ¶¶ 4, 6, 10-11.
[3] R. Doc. 1-2, ¶¶ 1, 12.
[4] Prime avers that "service has not been returned" on Spaulding or Spaulding Trucking. R. Doc. 1, ¶¶ 3-4.
[5] R. Doc. 1, ¶ 6.

required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Plaintiff is a citizen of Louisiana; Prime is an Illinois corporation with its principal place of business in Utah; Spaulding, who is deceased, was a citizen of Montana before his death; and, Spaulding was the only underlying member of Spaulding Trucking, a limited liability company (now dissolved) that is also a citizen of Montana due to Spaulding's citizenship.[6] Therefore, complete diversity of citizenship appears to exist.

However, it is not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition alleges Plaintiff's injuries as follows:

> 7.
> 
> As a result of the above described collision, plaintiff RYAN MASSAREK sustained severe and disabling injuries, including but not limited to:
> 1) Neck pain;
> 2) Shoulder pain;
> 3) Back pain;
> 4) PTSD;
> 5) Nightmares;
> 6) General soreness to the body as a whole;
> 7) Other injuries which will be more fully established at trial.[8]

In connection with these claims, Plaintiff seeks damages for past, present, and future: physical pain and suffering, mental pain, anguish and distress, loss of enjoyment of life, disability, lost wages, loss of earning capacity, and medical expenses, as well as property damage and other elements of

---

[6] R. Doc. 1, ¶¶ 7-10 *and see* R. Doc. 1-2, introductory paragraph.
[7] *See* 28 U.S.C. §1332(a).
[8] R. Doc. 1-2, ¶ 7.

damages to be set forth at trial.[9]  Plaintiff also seeks "compensatory damages in an amount that will fully and adequately satisfy the demands of justice and equity…."[10]

In the Notice of Removal, Prime relies solely on the allegations of the Petition to establish amount in controversy, *i.e.*, Plaintiff's allegations of "severe and disabling injuries" to his neck, shoulder, and back, PTSD, and nightmares, as well as past, present, and future physical pain and suffering, mental pain, anguish and distress, medical expenses, lost wages, *etc.*.[11]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs.  Plaintiff's general allegations in the Petition of "severe and disabling injuries," "disability—past, present, and future," and demands for general categories of damages (*e.g.*, past, present, and future physical and mental pain, medical expenses, lost wages, compensatory damages, *etc.*)[12] are insufficient to establish the amount in controversy. Even allegations of *permanent* disability, which are not alleged here, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement.[13]  Moreover,"[c]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages

---

[9] R. Doc. 1-2, ¶ 8.
[10] R. Doc. 1-2, ¶ 13.
[11] R. Doc. 1, ¶ 6.
[12] R. Doc. 1-2, ¶¶ 7, 8, 13.
[13] *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries.  Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").

sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[14]

In this case, there is no description of the neck, back, and shoulder injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the amount of medical expenses Plaintiff has incurred thus far, the nature of Plaintiff's "severe and disabling injuries" or "disability," or Plaintiff's prognosis and recommended future treatment to support amount in controversy. There is also no evidence of any settlement demands, discovery responses, or relevant documents that would bear on the amount in controversy. Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship and the amount in controversy requirement has been met.[15]

Accordingly,

**IT IS ORDERED that, on or before May 7, 2021,** Defendant Prime Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before May 21, 2021,** Plaintiff Ryan Massarek shall file either: (1) a Notice stating that Plaintiff does not dispute that Prime has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

---

[14] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.
[15] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, April 23, 2021.

                                               **ERIN WILDER-DOOMES**
                                               **UNITED STATES MAGISTRATE JUDGE**